**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

v.                                                CV 07-0513 JP/WPL
                                                      CR 02-2072 JP

ANDREW BEGAYE,

       Defendant/Movant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Andrew Begaye seeks leave to amend his 28 U.S.C. § 2255 motion to add a claim that he is factually innocent of one of the charges upon which he was convicted. I conclude that this Court lacks jurisdiction to consider the merits of the factual innocence claim because it amounts to a second or successive § 2255 motion.

*Procedural and Legal Background*

Begaye seeks leave to amend his § 2255 motion to include a claim that he is factually innocent of Count II of the indictment. Count II charged that Begaye "knowingly used firearms ... during and in relation to a drug trafficking offense" in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 100.)[1] To prove this count, a government witness testified that Begaye gave her methamphetamine in exchange for two guns. (Doc. 213 at 2-3.) The jury found Begaye guilty of Count II and several other counts. (Doc. 164.) The Court imposed concurrent sentences of 108 months in prison for all of the counts except Count II. For Count II, the Court imposed a 60-month sentence to be served consecutively

---

[1] All document number references are to CR 02-2072 JP.

to the 108-month sentences imposed for the other counts. (*Id.*)[2] The Tenth Circuit affirmed this Court's judgment, and the Supreme Court denied certiorari. (Doc. 176 & unnumbered docket entry of June 2, 2006.)

In May 2007, Begaye filed his *pro se* motion under 28 U.S.C. § 2255, asserting ineffective assistance regarding his alibi defense. (Doc. 178.) In November of the same year, I appointed habeas counsel for Begaye. (Doc. 190.) The next month, the Supreme Court issued its opinion in *Watson v. United States*. The Court held that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." *Watson v. United States*, 128 S. Ct. 579, 586 (2007).

In May 2008, I conducted an evidentiary hearing on the § 2255 motion. (Doc. 197.) Habeas counsel attempted to cross-examine trial counsel regarding his understanding of 18 U.S.C. § 924(c)(1)(A). Habeas counsel asked, "Did you know that, I believe, under the current case law, that you cannot be found guilty if you are the defendant and you trade meth or drugs for guns?" (Tr. of Evidentiary Hearing at 42.) Trial counsel could not recall the facts or law involved in the § 924(c)(1)(A) count, and habeas counsel dropped the line of questioning. (*Id.* at 42-43.) Habeas counsel submitted proposed findings and conclusions regarding the § 2255 motion in July 2008, but omitted any discussion of the § 924(c)(1)(A) issue. (*See* Doc. 199.) The motion for leave to amend was filed on November 6, 2008. (Doc. 214.)

## *Discussion*

Citing *Watson* and referring to the Government's proof at trial, Begaye claims that he is factually innocent of Count II. He seeks leave to amend his § 2255 motion to add this claim. He

---

[2] The applicable statute dictates a mandatory minimum of 60 months and requires that the sentence be served consecutively to all other sentences. *See* 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii).

contends that the claim is timely pursuant to 28 U.S.C. § 2255(f)(3). Alternatively, he argues that factual innocence is a basis for tolling the limitation period.

In response, the government asserts that the motion for leave to amend constitutes a second or successive § 2255 motion, which this Court lacks jurisdiction to consider. The government also argues that Begaye is not entitled to relief because his claim does not involve newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(h). Finally, the government argues that the claim has been procedurally defaulted and is time-barred. (Doc. 217.) The government is silent regarding the merits of Begaye's factual innocence claim.

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008). The appellate court may authorize a second or successive motion only if the motion relies on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). This court "does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Tenth Circuit] has granted the required authorization." *Cline*, 531 F.3d at 1251. The title given to a motion by the movant is not dispositive in determining whether the motion is a second or successive § 2255 motion. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 529-32 (2005) (Rule 60(b) motion may constitute second or successive § 2255 motion); *United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006) (Rule 15 motion may constitute second or successive § 2255 motion).

A one-year limitation period applies to § 2255 motions. *See* 28 U.S.C. § 2255(f). The limitation period may start running on one of four dates. *Id.* The starting date that applies in most cases is the date the judgment of conviction became final. *See id.* § 2255(f)(1); *Dodd v. United States*, 545 U.S. 353, 357 (2005).[3] But Begaye asserts that the limitation period for his *Watson* claim started on another date set out in the statute: "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Because he sought leave to amend within one year of the Supreme Court's decision in *Watson*, he argues that the claim is timely under § 2255(f)(3).

The operation of the limitation period is interrelated with the restrictions on second or successive motions. *See United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2000). Espinoza-Saenz filed a timely § 2255 motion. After the limitation period expired, but while the motion was still pending in the district court, he attempted to assert new claims. The district court concluded that the new claims were time-barred and transferred them to the Tenth Circuit as second or successive. *Id.* at 503. Espinoza-Saenz failed to pursue the transferred motion in the Tenth Circuit, so the circuit dismissed it. *Id.* at 503 n.4. Espinoza-Saenz did, however, file an appeal of the district court's decision. He argued "that the district court erred in treating his supplemental motion as a successive petition instead of as an amendment which related back to his timely motion." *Id.* at 503. The Tenth

---

[3] It is undisputed that Begaye's original § 2255 motion was timely as calculated from this date. His conviction became final when the Supreme Court denied certiorari on May 15, 2006. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006). Although his § 2255 motion was not filed until May 21, 2007, the motion indicates that it was timely mailed on May 11, 2007. *See United States v. Gray*, 182 F.3d 762, 765 n. 4 (10th Cir.1999) (holding that the "prison mailbox rule" applies to § 2255 motions). Although the government was given an opportunity to file a brief challenging the timeliness of the motion, it declined to do so. (*See* Doc. 193.)

4

Circuit held that an untimely amendment to a § 2255 motion will relate back to the date of the original motion under Federal Rule of Civil Procedure 15(c) if it "clarifies or amplifies a claim or theory" in the original motion, but not if it "seek[s] to add a new claim or to insert a new theory into the case." *Id.* at 505. Because Espinoza-Saenz's proposed amendment did not meet this standard, the Tenth Circuit affirmed the district court's decision. *Id.*

In a later case, the Tenth Circuit considered a new claim that, like Begaye's *Watson* claim, was raised for the first time after a magistrate judge issued a report and recommendation. *See Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006). In his objections to the report and recommendation, Spitznas argued that the magistrate judge failed to make any findings regarding one of his claims. *Id.* at 1223. In its order adopting the report and recommendation, the district court stated that the claim was raised for the first time in the objections. *Id.* at 1223-24. After the Tenth Circuit affirmed the district court's order, Spitznas filed a motion for relief from judgment under Rule 60 and a motion to amend under Rule 15. In the Rule 60 motion, he argued that the district court denied him due process by failing to rule on the merits of the claim. He disputed the court's finding that the claim was raised for the first time in his objections. Alternatively, he argued that the claim should be deemed to have been tried by consent under Rule 15(b). *Id.* at 1224. The district court denied Spitznas's motions, and he appealed.

Noting that the district court found that the claim had been raised for the first time in the objections to the report and recommendation, the Tenth Circuit stated, "Despite the necessary implication of this finding, the district court did not expressly rule that this claim was a second or successive application for . . . habeas relief." *Id.* at 1226. But, according to the Tenth Circuit, "the district court could have reached no other conclusion than that Mr. Spitznas's claim was a successive

5

y

habeas claim." *Id.* Citing *Espinoza-Saenz*, the circuit observed, "This was a new claim based on new facts that did not relate back to the filing of the federal habeas petition." *Id.* The circuit further held that the district court did not abuse its discretion in denying the motion for leave to amend: "Since the claim was successive and did not relate back to the filing of the petition, the district court had no authority to permit Mr. Spitznas to add a new ground for habeas relief, and could only dismiss the petition or transfer it to us for certification." *Id.* at 1226-27.

Just a few days after *Spitznas* was decided, the Tenth Circuit issued its opinion in *Nelson*. In that case, Nelson sought leave to amend his § 2255 motion ten months after the trial court had entered judgment denying the motion. The Tenth Circuit noted that a motion to amend a pleading cannot be filed after judgment. *Nelson*, 465 F.3d at 1148. The court therefore construed the motion to amend as a combined motion for relief from judgment under Rule 60(b) and a motion then to amend under Rule 15. *Id.* The court held that "because judgment has been entered on Mr. Nelson's first § 2255 motion, it cannot be disputed that this is a second or successive § 2255 motion." *Id.* at 1149. The court added parenthetically, "We need not consider whether a *prejudgment* motion to amend a § 2255 motion should ever be treated as a second or successive motion." *Id.* Although a prejudgment motion to amend was treated as successive in *Espinoza-Saenz*, the *Nelson* court did not cite that case. Instead, it cited a Seventh Circuit case that held that a prejudgment motion to amend did not amount to a second or successive § 2255 motion. *See id.*

The Tenth Circuit cited both *Espinoza-Saenz* and *Nelson* in *Ochoa v. Sirmons*, 485 F.3d 538 (10th Cir. 2007). While the appeal of his habeas application was pending, Ochoa filed a motion for leave to pursue habeas relief on the basis of a new Supreme Court decision. He argued that this

6

motion did not constitute a second or successive § 2255 motion because his original motion had not been finally adjudicated on appeal. Relying on *Nelson*, the court rejected this argument, stating:

> Mr. Ochoa emphasizes that in *Nelson*, unlike here, no appeal was pending in the first habeas action when new claims were raised by post-judgment motion. But this procedural circumstance has nothing to do with the relevance of *Nelson* to our analysis. The point is that . . . authorization is required whenever *substantively* new claims are raised; procedural associations with prior habeas matters must not obscure the fact that the petitioner is really pursuing a second or successive petition.

*Ochoa*, 485 F.3d at 541. The court felt this result reflected the legislative intent to discourage piecemeal litigation. If the court adopted Ochoa's argument, "[m]ultiple habeas claims could be successively raised without statutory constraint for as long as a first habeas case remained pending in the system." *Id.*

Ignoring the suggestion in *Nelson* that it was an open question "whether a *prejudgment* motion to amend a § 2255 motion should ever be treated as . . . second or successive," *Nelson*, 465 F.3d at 1149, the *Ochoa* court asserted in *dicta* that the restrictions on second or successive motions cannot "be circumvented by injecting new claims into a habeas action even while it is still pending *in the district court*." 485 F.3d at 541 n.3. The court stated that *Espinoza-Saenz* "held that the district court correctly treated a supplemental motion as a successive petition instead of as an amendment which related back to his timely original motion where it was not clarifying, but instead sought to assert claims totally separate and distinct from those raised in the original motion." *Id.* (internal punctuation and citations omitted).

*Ochoa*'s broad pronouncements that "authorization is required whenever *substantively* new claims are raised," regardless of "procedural associations with prior habeas matters" and that the restrictions on successive motions cannot "be circumvented by injecting new claims into a habeas action even while it is still pending *in the district court*," could lead to the conclusion that any claim

7

that does not relate back to the original motion is successive, even if the new claim is timely. A case decided after *Ochoa* contradicts this conclusion. *See United States v. Guerrero*, 488 F.3d 1313, 1316-17 (10th Cir. 2007).

Guerrero filed a timely § 2255 motion. A few days later, and still within the limitation period, he filed a memorandum in support of the motion, which added a new claim. The Tenth Circuit construed the memorandum as an amendment to the § 2255 motion. The court did not state that the claim in the memorandum related back to the original claims and it appears that the claim did not relate back. Citing *Espinoza-Saenz*, the court stated, "When a § 2255 movant seeks to amend his pleading to include a new claim, we will only entertain this claim if the amendment is made within the one-year time limit . . . ." *Id.* at 1316. Because Guerrero filed the memorandum within one year after his conviction became final, the court held that "the amended claim [was] timely." *Id.*

If § 2255(f)(1) governs the timeliness of Begaye's *Watson* claim, then it is not timely because it was raised more than a year after Begaye's conviction became final. Moreover, the *Watson* claim does not relate back under *Espinoza-Saenz*. Begaye's original § 2255 motion only raised ineffective assistance claims. The *Watson* claim is not based on ineffective assistance, nor does it clarify or amplify the ineffective assistance claims. Rather, it is a new claim based on a new theory. Under the cases discussed above, the untimely *Watson* claim should be deemed successive.

However, Begaye argues that his *Watson* claim is timely under § 2255(f)(3). *Guerrero* suggests that a claim will not be deemed successive even if it does not relate back, as long as the original § 2255 motion is pending and the new claim is timely. But in *Guerrero*, unlike in this case, the new claim was timely when measured from the starting date that applied to the original § 2255 motion—*i.e.*, both the original and amended motions were filed within one year after the conviction

8

became final. None of the cases discussed above directly addresses whether a new claim, asserted while the original § 2255 motion is pending in the district court, should be deemed successive if it is raised more than one year after the conviction became final, but is nevertheless timely under one of the three other alternatives for measuring the limitation period in 28 U.S.C. § 2255(f). I am not aware of a published decision that is directly on point.[4] I will therefore consider Begaye's argument that his *Watson* claim is timely under § 2255(f)(3).

Under § 2255(f)(3), a claim is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The limitation period begins on the date the Supreme Court initially recognizes a new right. *Dodd*, 545 U.S. at 357. The second clause of § 2255(f)(3) ("if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review") imposes a condition on the applicability of the subsection. *Id.* at 358. In other words, if the Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the]

---

[4] An unpublished decision indicates that such a claim should be deemed successive. *See Buchanan v. Lamarque*, 121 F. App'x 303, 314-16 (10th Cir. 2005). Buchanan filed a timely habeas petition under 28 U.S.C. § 2254. Like § 2255, § 2254 has a one-year limitation period that may commence on four different dates, one of which is the date the conviction became final. Compare 28 U.S.C. § 2244(d)(1), *with* 28 U.S.C. § 2255(f). More than one year after his conviction became final, Buchanan sought leave to amend the petition. He apparently argued that the new claims were timely filed within one year of the date the factual predicate of the claims could have been discovered with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D) (providing that the limitation period may run from "the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence"); *cf.* 28 U.S.C. § 2255(f)(4) (providing that the limitation period may run from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence"). Because the new claims did not relate back under *Espinoza-Saenz*, the Tenth Circuit held that they were successive. *Buchanan*, 121 F. App'x at 315. The court further held that before it would authorize the district court to consider the successive claims, Buchanan had to make a *prima facie* showing that they were timely. The court then analyzed whether the claims were timely when measured from the date their factual predicates could have been discovered with due diligence. *Id.* at 316-17.

9

Court's decision within which to file his § 2255 motion. He may take advantage of the date in the first clause of [§ 2255(f)(3)] only if the conditions in the second clause are met." *Id.* at 358-59.

Begaye sought leave to amend his § 2255 motion less than one year after *Watson* was decided. To establish the applicability of § 2255(f)(3), he must demonstrate that the Supreme Court initially recognized a new right in *Watson* and that the right has been made retroactively applicable to cases on collateral review.

I conclude that the Court initially recognized a new right in *Watson*. Interpreting the word "uses" in § 924(c)(1)(A), the Court held that "a person does not 'use' a firearm . . . when he receives it in trade for drugs." *Watson*, 128 S. Ct. at 586. The Court previously interpreted the word "uses" in the statute to require "active employment" of a firearm rather than mere possession of one. *See Bailey v. United States*, 516 U.S. 137, 144 (1995). The Tenth Circuit has held that *Bailey* recognized a new right within the meaning of § 2255(f)(3). *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). If *Bailey*'s interpretation of the word "uses" to exclude certain conduct from § 924(c)(1)(A) constituted the recognition of a new right within the meaning of § 2255(f)(3), then *Watson*'s interpretation of the same word in the same statute to exclude other conduct should likewise qualify as a new right.

The next issue is whether *Watson* has been made retroactively applicable to cases on collateral review. I conclude that *Watson* is retroactive. The Supreme Court has stated that *Bailey* is retroactively applicable because it held "that a substantive federal criminal statute does not reach certain conduct." *Bousley v. United States*, 523 U.S. 614, 620 (1998); *accord United States v. Barnhardt*, 93 F.3d 706, 708-09 (10th Cir. 1996) (applying *Bailey* retroactively before *Bousley* because a prisoner collaterally attacking his conviction should be given the benefit of case law decided

after his conviction when the conviction was for an act that the law does not make criminal). This reasoning supports the conclusion that *Watson* is also retroactively applicable. Since *Watson* held that § 924(c)(1)(A) does not reach a defendant's conduct of trading his drugs in exchange for guns, the decision should be applicable on collateral review. Moreover, given that *Bailey* and *Watson* construed the same word in the same statute to limit the statute's application, there would seem to be no principled reason for concluding that *Bailey* is retroactive but that *Watson* is not.

Although I conclude that *Watson* should be applied retroactively, it appears that my conclusion is insufficient to trigger the second clause of § 2255(f)(3). The clause uses the expression "made retroactively applicable" rather than the expression "is retroactively applicable." As the Third Circuit has noted, the expression is ambiguous and "does not specify by whom the right must be made applicable." *See United States v. Lloyd*, 188 F.3d 184, 187 (3d Cir. 1999). It might be sufficient if the decision is made retroactively applicable in the same case in which a prisoner is relying on § 2255(f)(3). *See, e.g, United States v. Lopez*, 248 F.3d 427, 432 (5th Cir. 2001) (holding for the first time that a decision was retroactive while simultaneously holding that prisoner's § 2255 motion was timely under subsection (f)(3)). Since the statute does not specify, it could also be sufficient if a district judge or magistrate judge has recognized the decision's retroactivity.[5] Most courts have assumed, however, that the retroactivity decision must be made by either the court of appeals or the Supreme Court. *See, e.g., Lloyd*, 188 F.3d at 188 (finding it unnecessary to decide whether the right

---

[5] Two district judges in the Western District of Virginia have held that *Watson* "must be applied retroactively on *habeas* review, because it held that 'a substantive federal criminal statute does not reach certain conduct.'" *Short v. Shultz*, No. 7:08CV00057, 2008 WL 1984262, at *3 n.1 (W.D. Va. May 6, 2008) (quoting *Bousley*, 523 U.S. at 620-21), *aff'd*, 2008 WL 4809091 (4th Cir. Nov. 5, 2008); *Epps v. O'Brien*, No. 7:08CV00081, 2008 WL 1924267, at *1 n.1 (W.D. Va. April 30, 2008) (same), *aff'd*, 2008 WL 4701029 (4th Cir. Oct. 27, 2008).

must have been made retroactively applicable by the Supreme Court "or whether its retroactive application by the Court of Appeals for the Circuit encompassing the District Court in which a prisoner was sentenced will suffice"); *see also Dodd*, 545 U.S. at 365 n.4 (arguing that § 2255(f)(3) is not triggered unless the Supreme Court has made the decision retroactive (Stevens, J., dissenting)).

Begaye has not cited, and I have not found, an appellate or Supreme Court decision expressly recognizing that *Watson* is retroactive. Accordingly, it appears that § 2255(f)(3) does not apply.

The final issue for determination is how to dispose of the motion for leave to amend. When a second or successive § 2255 claim is filed in the district court without the Tenth Circuit's authorization, the district court may either dismiss the claim for lack of jurisdiction or transfer it to the Tenth Circuit, if "it is in the interest of justice to do so." *Cline*, 531 F.3d at 1252.

In deciding whether to transfer a case to the Tenth Circuit, this Court may consider whether the successive claim is time-barred. *See Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). As explained above, Begaye's *Watson* claim is time-barred under § 2255(f)(1), and § 2255(f)(3) does not apply.

More importantly, if a successive motion fails on its face to satisfy the standards for authorization, a district court does not abuse its discretion in refusing to transfer the motion. *See Cline*, 531 F.3d at 1252. A second or successive motion may proceed only if it relies on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Begaye's *Watson* claim does not rely on newly discovered evidence. Furthermore, *Watson* announced a new rule of statutory, not constitutional, law. *See Watson*, 128 S. Ct. at 582-86 (basing decision on "regular English"); *cf. Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001) (holding

12

that *Bailey* did not announce a new rule of constitutional law because it involved "a routine statutory analysis"); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) ("*Bailey* is not a new rule of constitutional law."). And the Supreme Court has not made *Watson* retroactive to cases on collateral review. Because Begaye's motion for leave to amend does not satisfy the standards for authorization of a successive § 2255 motion, the motion should not be transferred to the Tenth Circuit.

Although Begaye's motion for leave to amend does not fit within the parameters of § 2255(h), it does raise a colorable claim of actual innocence under *Watson*. The savings clause of § 2255 allows a federal prisoner to petition for a writ of habeas corpus if § 2255 "is inadequate or ineffective to test the legality" of the prisoner's detention. 28 U.S.C. § 2255(e). The savings clause applies "only in extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). The fact that § 2255's substantive or procedural barriers preclude relief is not sufficient to establish that § 2255 is inadequate or ineffective. *Id.* "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

Several courts have held that the savings clause allows a prisoner to raise a *Bailey* claim in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (citing cases from the Second, Third, and Seventh Circuits). Although the Tenth Circuit has touched on the issue in unpublished decisions, it has never decided the issue. *See, e.g., Prevatte v. Gunja*, 167 F. App'x 39, 43 (10th Cir. 2006) (noting that it had not decided whether a prisoner may invoke the savings clause and seek relief under § 2241 if he can establish his actual innocence).

After surveying the formulations used by other circuits to determine when § 2255 is inadequate or ineffective, the Fifth Circuit found that "the following basic features are evident in most formulations: actual innocence and retroactivity." *Reyes-Requena*, 243 F.3d at 902-03. "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903; *see also United States v. Apodaca*, 90 F. App'x 300, 304 n.10 (10th Cir. 2004) ("We agree with the reasoning of the Fifth Circuit in *Reyes-Requena* that recourse to the § 2241 remedy will be unavailing unless accompanied by a clear showing of actual innocence."). The Fifth Circuit held that the savings clause allowed the petitioner to pursue his *Bailey* claim in a § 2241 proceeding. *Reyes-Requena*, 243 F.3d at 906.

A prisoner seeking habeas relief under § 2241 "should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). These requirements are not limits on subject matter jurisdiction, but rather are better understood as waivable requirements of personal jurisdiction or venue. *Id.* at 451-52 (Kennedy, J., concurring); *Moore v. Olson*, 368 F.3d 757, 759-60 (7th Cir. 2004). According to this Court's record, Begaye is imprisoned in Big Spring, Texas. The Northern District of Texas would therefore be the appropriate venue for a § 2241 petition.

When a case is filed in a court of improper venue, the court may transfer the case to any district where it could have been brought if it is in the interest of justice to do so. *See* 28 U.S.C. § 1406(a). It does not appear that transfer is necessary here because Begaye could simply file a § 2241 petition in the appropriate district. However, if Begaye believes that his motion for leave to amend should be construed as a § 2241 petition and transferred to another district, he will have an opportunity to make those arguments in his objections to my recommendation. *See Trujillo v.*

14

*Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (suggesting some factors that might be considered).[6]

### *Conclusion*

For the reasons explained above, I recommend that Begaye's motion for leave to amend his § 2255 motion be dismissed for lack of jurisdiction as a second or successive motion.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

---

[6] Nothing stated herein would preclude the government from waiving the personal jurisdiction and venue requirements.  *See, e.g., Short*, 2008 WL 1984262, at *2-3 (retaining § 2241 claim in the convicting court because the properly named respondent-warden did not object).